```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EDWIN WILLIAMS,                     :
                                    :
                    Plaintiff,      :
                                    :       11 Civ. 03986 (PAC)(THK)
        -against-                   :              Pro Se
                                    :
                                    :       **REPORT AND RECOMMENDATION**
SECURE RESOURCES COMMUNICATIONS,    :
                                    :
                                    :
                    Defendant.      :
------------------------------------X
```

**TO: HON. PAUL A. CROTTY UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Edwin Williams was briefly employed by Defendant Secure Resources Communications ("Secure Resources"). He was fired from his position after approximately four hours of work, for sleeping on the job. He brings this action pro se, claiming that he was never paid for the time worked, and that he was not given a W-2 wage statement.[1] He seeks a total of $2,024,000 in damages.

Defendant Secure Resources has moved to dismiss the Complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. For the reasons set forth below, I respectfully recommend that Defendant's motion

---

[1] Plaintiff previously filed suit in the Civil Court of the City of New York, Bronx County. He attempted to remove the case to the United States District Court for the Southern District of New York, but, because only defendants have the right of removal, the District Court denied the motion for removal and remanded the case back to the Bronx County Court. Plaintiff then voluntarily dismissed his state court complaint in order to proceed in this court.

be granted in part and denied in part.

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), this Court must accept all well-pleaded allegations contained in the Complaint as true, and must draw all reasonable inferences in favor of Plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1965 (2007). This is particularly true where the plaintiff is proceeding pro se; "[t]he Supreme Court has long held that courts must construe pro se complaints liberally, applying less stringent standards than when a plaintiff is represented by counsel." Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir. 1989) (per curiam); accord Lerman v. Bd. of Elections in City of New York, 232 F.3d 135, 140 (2d Cir. 2000), cert. denied, 533 U.S. 915, 121 S. Ct. 2520 (2001) (citing Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 175 (1980) (per curiam) and Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595 (1972) (per curiam)). A plaintiff need not include "heightened fact pleading of specifics" to survive a Rule 12(b)(6) motion, Twombly, 550 U.S. at 570, 127 S. Ct. at 1974, but the "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Id. at 555, 127 S. Ct. at 1965 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). Therefore, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. In contrast, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966) (citations omitted). Thus, if a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

Applying this standard to Mr. Williams's Complaint, this Court finds that for at least one of his claims, Plaintiff has met the required standard to proceed.

3

Construing the Complaint liberally, the Court views Plaintiff's wage claim as being asserted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Under the FLSA, a claim that an employer withheld pay can give rise to a cause of action. See, e.g., Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158, 164, 127 S. Ct. 2339, 2345 (2007). While Defendant has offered evidence outside of the pleadings to show that Plaintiff did, in fact, receive payment for his four hours of work, even if the Court were to convert Defendant's motion to one for summary judgment, this evidence would be insufficient grounds upon which to rule that there is no "... genuine dispute as to any material fact ..." Fed. R. Civ. P. 56(a). Mr. Williams contends in the Complaint that he was not paid any wages. The records offered by Defendant are internal company records, which tend to prove that the company recorded paying Plaintiff. According to Defendant, Mr. Williams received $4.40 in wages, which reflected $32.00 in gross wages, less withheld taxes $25.00 paid by Defendant to secure a security guard licensing fee for Mr. Williams. (See Affidavit of Eric Israel, dated Aug. 25, 2011, ¶¶ 9-10.) Unlike, say, a cancelled check, or pay receipt signed by Plaintiff, however, the evidence does not establish that Plaintiff actually received his wages. It is, therefore, plausible that Defendant did not pay Mr. Williams, and that monetary damages are available as a remedy;

therefore this Court cannot recommend dismissal of the Complaint for failure to state a claim for relief.[2]

Defendant contends that because the amount in controversy is a mere $32.00, this Court lacks subject-matter jurisdiction.[3] But this case is brought under the FLSA. Since the Court's jurisdiction is predicated on federal question jurisdiction, not diversity jurisdiction, there is no amount-in-controversy requirement. Compare 28 U.S.C. § 1331 (federal question jurisdiction), with 28 U.S.C. § 1332 (diversity jurisdiction).

Plaintiff also claims that Defendant withheld his W-2 statement of wages. As an initial matter, while employers are required to provide a W-2 statement to employees, see 26 U.S.C. § 6051, there is no private right of action under the statute. See, e.g., Rumfelt v. Jazzie Pools, Inc., No. 11 Civ. 217, 2011 WL

---

[2] Plaintiff should be aware, however, that the remedies available under the FLSA are limited. While Plaintiff has claimed $2,000,000 in punitive damages, these damages are unavailable under the FLSA. See 29 U.S.C. § 216(b). Plaintiff has also requested $24,000 in damages for what is at most $32.00 in withheld wages. Under the FLSA, Plaintiff may recover the lost wages themselves and liquidated damages of 100% of the lost wages. Id. Thus, even if Plaintiff does establish that he was not paid for his four hours of work, the most he could recover is $64.00 (4 hours X $8.00 per hour X 2), plus any costs incurred in the litigation.

[3] Though the Defendant argues that the lack of subject-matter jurisdiction is an argument in support of dismissal under Rule 12(b)(6), lack of subject-matter jurisdiction is actually a separate grounds for dismissal, found in Rule 12(b)(1). See Fed. R. Civ. P. 12 (b)(1).

2144553, at *3 (E.D. Va. 2011); Worsham v. Minyard Food Stores, No. 00 Civ. 1182-P, 2001 WL 611173 at *3 (N.D. Tex. June 5, 2001)("Plaintiff does not refute Defendant's contention that the only remedy relating to one's W-2 form is the Internal Revenue Service's assessment of a $50 penalty against the employer under 26 U.S.C. § 6722(a); there is no private cause of action to recover damages or the W-2 form itself."). In any event, even if there were a private cause of action under 26 U.S.C. § 6051, Plaintiff has not claimed that any damages accrued as a result of Defendant's purported failure to furnish him with the W-2 statement. Finally, since Defendant's motion included a copy of the W-2 statement it contends it furnished to Plaintiff (see Def. Letter Mot. Ex. 4), this claim is now moot. See Alvarez v. Smith, 130 S. Ct. 576, 580 (2009) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.")(internal quotation and citation omitted). This Court, therefore, recommends that Plaintiff's claim arising out of Defendant's purported failure to furnish him with a W-2 statement be dismissed.

## CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's claim under 26 U.S.C. § 6051, for failure to receive a W-2 statement, be dismissed for failure to state a claim upon which relief can be granted. The Court also

respectfully recommends that Defendant's Motion to Dismiss, with regards to Plaintiff's wage claim under the FLSA, be denied.[4]

Respectfully submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: September 26, 2011
       New York, New York

---

[4] Although the Court appreciates Defendant's argument that it has been required to accrue substantial costs in defending Plaintiff's various actions to recover $32.00 in wages that it claims it paid, it can stem its expenditures by making an offer of judgment, under Federal Rule of Civil Procedure 68, for the most Plaintiff could recover in this action, which appears to be $64.00, plus his reasonable costs, see, e.g., Godoy v. Gordon, LLC, No. 09 Civ. 8693 (DAB), 2010 WL 3468786, at *4 (S.D.N.Y. Aug. 24, 2010); Louisdor v. Am. Telecommunications, Inc., 540 F. Supp. 2d 368, 371-74 (E.D.N.Y. 2008), or by consenting to the entry of a default judgment in that amount. See McCauley v. Trans Union, L.L.C., 402 F.3d 340, 342 (2d Cir. 2005).