```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
EDWIN WILLIAMS,                                        :
                                                       :
                      Plaintiff,                       :
                                                       :
         - against -                                   :    11 Civ. 03986 (PAC) (THK)
                                                       :
SECURE RESOURCES                                       :
COMMUNICATIONS,                                        :    ORDER ADOPTING R&R
                                                       :
                      Defendant.                       :
------------------------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 12, 2012

HONORABLE PAUL A. CROTTY, United States District Judge:

On June 13, 2011, pro se Plaintiff Edwin Williams ("Williams") filed this action, pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq, against his former employer, Defendant Secure Resources Communications ("Secure Resources"). Williams claims Secure Resources withheld pay and that he was not given a W-2 wage statement. He seeks $24,000.00 in damages for what is at most $32.00 in withheld wages, as well as $2,000,000.00 in punitive damages. Williams worked for four hours at $8 per hour before he was fired for sleeping on his first day on the job.

On June 27, 2011, this Court referred the case to Magistrate Judge Theodore H. Katz for general pretrial matters and dispositive motions. (Dkt. No. 4.) On August 25, 2011, Defendant Secure Resources moved to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). On September 26, 2011, Magistrate Judge Katz issued a Report and Recommendation ("R&R") recommending that Defendant's motion to dismiss be granted in part and denied in part. Both parties filed timely objections. The Court has reviewed the R&R, as well as the objections. For the reasons that follow, the Court adopts Magistrate Judge Katz's recommendations, insofar as it grants Secure Resources' motion to dismiss Williams' claim concerning his W-2 statement.

1

With respect to the FLSA claim, the Court intends to convert the 12(b)(6) motion pursuant to Rule 12(d) into one for summary judgment. The parties are to respond as requested by this order, and the Court will proceed to address the merits of Williams' claim.

## BACKGROUND[1]

I.  Facts

Williams was employed by Secure Resources from November 14, 2010 to November 15, 2010 as a security guard. He alleges that after approximately four hours of work, he was fired from his position for sleeping on the job. Williams claims that Secure Resources never paid him for the time he worked, and that he was not given a W-2 wage statement.

On December 10, 2010, Williams filed suit against Secure Resources in New York City Civil Court, Bronx County on his wage and hour claims. His attempt to remove the matter to this Court was rejected by Judge Richard Sullivan. Williams then voluntarily dismissed his Civil Court complaint and filed this FLSA action here in Federal Court. In a letter to the Court dated August 25, 2011, Secure Resources moved to dismiss the Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Secure Resources argued that it had paid Williams for the hours he worked and that he had been given a W-2 wage statement.

II.  Magistrate Judge Katz's Report and Recommendation

In his R&R, Magistrate Judge Katz recommended that the Court grant in part and deny in part Secure Resources' motion to dismiss. Magistrate Judge Katz found that although Williams stated a claim under the FLSA for unpaid wages, Williams did not have a cause of action for Secure Resources' alleged failure to provide him with a W-2 statement.

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "take [ ] factual allegations [in the complaint] to be true and draw [ ] all reasonable inferences in the

---

[1] The facts are taken from the R&R, unless otherwise noted.

plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted).  Although a complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  As pro se litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted).

    A. Plaintiff's Wage Claim

The FLSA provides that "[e]very employer shall pay to each of his employees" a statutorily prescribed minimum wage.  29 U.S.C. §§ 206(a), 216(b).  To state a claim under the FLSA, a plaintiff must allege, at a minimum, the approximate number of unpaid hours worked. See Nichols v. Mahoney, 608 F. Supp. 2d 526, 547 (S.D.N.Y. 2009).

Magistrate Judge Katz found that Williams alleged that he was not paid any wages for his four hours of work for Secure Resources, and that this allegation was sufficient to plea a claim under the FLSA.  Although Secure Resources offered evidence to show that the company paid Williams for his four hours of work, Magistrate Judge Katz found that absent a "cancelled check, or pay receipt signed by Plaintiff . . . the evidence [did] not establish that Plaintiff actually received his wages." (R&R 4.)  Given this factual dispute, Magistrate Judge Katz found that dismissal would be inappropriate at this stage.[2]  (R&R 4-5.)

    B. Plaintiff's Claim Arising Out of Defendant's Alleged Failure to Provide Him with a W-2 Statement.

Under 26 U.S.C. § 6051(a), employers are required to provide their employees with W-2 statements.  Magistrate Judge Katz found that the statute does not afford employees a private

---

[2] As the Court's jurisdiction is based on federal question, Magistrate Judge Katz also rejected Secure Resources' argument that the Court lacks subject matter jurisdiction in light of the small amount in controversy.  (R&R 5.)

right of action for damages. (R&R 5.) Magistrate Judge Katz further found that even if there were a private cause of action under the statute, Williams did not allege any damages as a result of Secure Resources' violation. Moreover, Magistrate Judge Katz determined that Williams' claim became moot when Secure Resources included a copy of the disputed W-2 statement with its 12(b)(6) motion. (R&R 6 (citing Alvarez v. Smith, 130 S.Ct. 576, 580 (2009)).) As the issue is no longer an actual controversy, Magistrate Judge Katz recommended that Williams' claim be dismissed.

## DISCUSSION

### I.   Standard of Review

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a timely written objection, the district court must review the contested issues de novo. Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The district court "may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). Moreover, "[w]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error . . . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

### II.   The Parties' Objections

The parties filed timely objections to the R&R. The Court has reviewed these objections. Williams' objections are without merit; Secure Resources' objections are wide of the mark.

A.  Williams' Objections

Williams filed two pages of objections to Magistrate Judge Katz's R&R, most of which state additional facts in support of his claim and are not aimed at particular findings in the R&R. Some of Williams' objections include "[n]o toilet to relieve my bowels or for the urinal"; "[n]o soap basin or sanitizer from germs or infection . . ."; and "Defendant willfully kept pants I paid to have fixed."  These statements are not valid objections.  See Jones v. New York Dep't of Corr. (DOC) Jail, No. 11 Civ. 4477, 2012 WL 1232963, at *2 (S.D.N.Y. Apr. 12, 2012).  Furthermore, Williams' objection regarding a Thirteenth Amendment violation is without merit.  The Thirteenth Amendment, by itself, does not provide a private cause of action; a plaintiff must proceed under an implementing statute.  See Alma Soc'y Inc. v. Mellon, 601 F.2d 1225, 1237-38 (2d Cir. 1979).

Lastly, Williams makes several objections regarding Magistrate Judge Katz's "bias" and "conflict of interest."  He asks that Magistrate Judge Katz recuse himself from the matter and that the case be reassigned.  The Court rejects these inappropriate accusations.  In any event, upon Magistrate Judge Katz's retirement after his long and distinguished years on this Court, the Court redesignated this action to Magistrate Judge James C. Francis.  (Dkt. No. 33.)

B.  Secure Resources' Objections

Secure Resources contends that it provided sufficient grounds for the Court to convert its motion to dismiss into a motion for summary judgment.  Conversion, however, is a matter of discretion with the Court, and is not based on the sufficiency of the additional evidence presented.  See Fed.R.Civ.P. 12(d).  There should be notice of the conversion; and the Court must "afford all parties the opportunity to present supporting material."  Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988).

Secure Resources has submitted sufficient materials in the form of payroll stubs and W-2 forms to support its contention that it paid Williams for the work he did before he was fired for sleeping on the job. Secure Resources may supplement its papers by Wednesday, July 18, 2012. Williams may have until Friday, August 3, 2012 to submit any materials in support of his claim and in opposition to Secure Resources' submissions (ie. its motion to dismiss/summary judgment motion). After August 3, 2012, the Court will treat Defendant's 12(b)(6) motion as though it were one for summary judgment, pursuant to Rule 12(d).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts the Report and Recommendation insofar as it grants Secure Resources' motion to dismiss Williams' claim for non-delivery of his W-2 statement. With regard to the FLSA claim, Secure Resources may supplement its papers and then Williams must respond by August 3, 2012. Thereafter the Court will treat the pending matter as a motion for summary judgment as to which both parties have notice and a reasonable opportunity to respond.

Dated: New York, New York
July *12*, 2012

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed By Chambers To:

Edwin Williams
4114 Dereimer Avenue
Bronx, NY 10466

Daniel M. Tanenbaum
Law Offices of Daniel M. Tanenbaum
111 Great Neck Road, Ste. 308
Great Neck, NY 11021