```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
EDWIN WILLIAMS,                      :    11 Civ. 3986 (PAC) (JCF)
                                     :
              Plaintiff,             :         REPORT AND
                                     :         RECOMMENDATION
     - against -                     :
                                     :
SECURE RESOURCE COMMUNICATION        :
CORP.,                               :
                                     :
              Defendant.             :
- - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE PAUL A. CROTTY:

The plaintiff, Edwin Williams, brought this pro se action alleging that his former employer, Secure Resources Communications Corp.[1] ("Secure Resources"), failed to pay him for four hours of work as required by the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and failed to provide him with a W-2 form. The defendant responded by filing a motion to dismiss for failure to state a claim. Although that motion was granted on Mr. Williams' W-2 claim, it was converted into a motion for summary judgment with respect to his FLSA claim. For the reasons set forth below, I recommend that the defendant's motion for summary judgment be denied and that summary judgment be granted for the plaintiff.

Background

Mr. Williams was employed as a security guard by Secure

---

[1] In the caption to the complaint, the plaintiff incorrectly identifies the defendant as Secure Resource Communication Corp.

1

Resources from November 14, 2010 until November 15, 2010. (Affidavit of Gil Shamesh dated July 30, 2012 in Support of Defendant's Motion for Summary Judgment ("Shamesh Aff."), ¶¶ 6-7). After approximately four hours of work, he was fired for falling asleep on the job. (Shamesh Aff., ¶ 7). Secure Resource contends that Mr. Williams was paid a total of $4.40 for his time. (Shamesh Aff., ¶ 9). Mr. Williams concedes that he was paid "four one dollar bills" by the defendant, though he denies that he was paid the $0.40. (Plaintiff's Opposition to Dismiss the Complaint and for Summary Judgment for the Defendant dated July 19, 2012, ¶ 3; Plaintiff Response to Defendant Request for Summary Judgement dated July 30, 2012, ¶ 10). According to Secure Resources' calculations, this amount reflects fours hours of work by Mr. Williams at an hourly rate of $8.00, less taxes and a $25.00 security guard licensing fee that the employer routinely deducts from any new guard's first paycheck. (Shamesh Aff., ¶ 9).

On December June 13, 2011, Mr. Williams filed the instant suit.[2] (Compl.). On September 26, 2011, Magistrate Judge Theodore H. Katz issued a Report and Recommendation granting the defendant's

---

[2] Previously, Mr. Williams had filed suit in New York City Civil Court, Bronx County. His subsequent attempt to remove his case to this court was rejected by the Honorable Richard J. Sullivan, U.S.D.J. Thereafter, he voluntarily dismissed his Civil Court case in order to file this one.

motion to dismiss with respect to Mr. Williams' W-2 claim and denying it with respect to his FLSA claim. (Report and Recommendation dated Sept. 26, 2011). On July 12, 2012, the Honorable Paul A. Crotty, U.S.D.J., adopted Magistrate Judge Katz's recommendation and converted the portion of the defendant's motion to dismiss dealing with the FLSA claim into a motion for summary judgment. (Order dated July 12, 2012).

Discussion

    A. Jurisdiction

Because this action arises under the FLSA, this Court has jurisdiction pursuant to 29 U.S.C. § 216(b), as well as federal question jurisdiction under 28 U.S.C. § 1331. In addition, the defendant is subject to personal jurisdiction in this Court since it conducts business in New York.

    B. Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002) (citing former Rule 56(c)); see also Andy Warhol Foundation for the Visual Arts, Inc. v. Federal

Insurance Co., 189 F.3d 208, 214 (2d Cir. 1999). The moving party bears the initial burden of identifying "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The opposing party then must come forward with "specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotation marks omitted). Where the nonmovant fails to make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted. Id. at 322.

In assessing the record to determine whether there is a genuine issue of material fact, the court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Vann v. City of New York, 72 F.3d 1040, 1048-49 (2d Cir. 1995). But the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" and grant summary judgment where the nonmovant's evidence is conclusory, speculative, or not significantly probative. Anderson, 477 U.S at 249-50. "The litigant opposing summary judgment may not rest upon mere conclusory allegations or denials, but must bring forth some affirmative indication that his version of relevant events is not

4

fanciful." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal quotation marks omitted); see also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995) (nonmovant "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible").  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288 (1968)).

Where a litigant is pro se, his pleadings should be read liberally and interpreted "'to raise the strongest arguments that they suggest.'" Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001)). Nevertheless, proceeding pro se does not relieve a litigant from the usual requirements of summary judgment, and a pro se party's "'bald assertion, completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment.'" Geldzahler v. New York Medical College, 746 F. Supp. 2d 618, 620 n.1 (S.D.N.Y. 2010) (quoting Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y.

1995) (internal quotation marks omitted)).  But even where, as here, the plaintiff has received notice pursuant to Local Rule 56.2 regarding the requirements for opposing a summary judgment motion, the court may conduct an "'an assiduous review of the record' to determine if there is any evidentiary support for his assertions of fact that do not cite to evidence and to determine if there are any other material issues of fact."  Id. (quoting Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001)).

Under appropriate circumstances, summary judgment may be granted sua sponte in favor of the non-moving party.  Fed. R. Civ. P. 56(f)(1); Bridgway Corp. v. Citibank, 201 F.3d 134, 139-40 (2d Cir. 2000); Oladokun v. Ryan, No. 06 Civ. 2330, 2010 WL 3910578, at *5 (S.D.N.Y. Sept. 30, 2010).  Although courts are well advised to give notice to the moving party of the possibility that judgment may be entered against it, the absence of notice will not be prejudicial if the moving party has no additional evidence to proffer.  See Bridgway Corp., 201 F.3d at 140; Oladokun, 2010 WL 3910578, at *5.  In any event, this report and recommendation serves as notice to Secure Resources that summary judgment may be awarded to Mr. Williams.

    C. The FLSA

        1. Applicability of the FLSA

The FLSA provides that "[e]very employer shall pay to each of

his employees" a statutorily prescribed minimum wage of $7.25. 29 U.S.C. § 206(a). An employer who fails to pay the minimum wage to an employee may be held liable for both the amount of unpaid wages and an additional equal amount in liquidated damages. 29 U.S.C. § 216(b). In order to establish a violation of the FLSA, a plaintiff must first show that he is a "covered employee[]," who "'[was] employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce.'" Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 120 (E.D.N.Y. 2011) (alteration in original) (quoting Shim v. Millennium Group, No. 08 CV 4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009)); see also 29 U.S.C. §§ 206(a), 207(a). As an initial matter, Mr. Williams is a "covered employee" under the FLSA. The term "employee," as defined in the FLSA, includes security guards. See 29 U.S.C. § 203(e).

It is unclear from the record whether Secure Resources Communications is an "enterprise engaged in interstate commerce." Under the FLSA, an enterprise consists of "related activities performed (either through unified operation or common control) by any person or persons for a common business purpose," with no less than $500,000 in annual gross income. 29 U.S.C. § 203(r)(1), (s)(1)(A)(ii). Even "local business activities fall within the reach of the FLSA when an enterprise employs workers who handle

7

goods or materials that have moved or been produced in interstate commerce." Archie v. Grand Central Partnership, Inc., 997 F. Supp. 504, 530 (S.D.N.Y. 1998). Mr. Williams has not alleged that Secure Resources has annual gross income in excess of $500,000. Nonetheless, because the plaintiff is pro se and because Secure Resources has not challenged the applicability of the FLSA, I will proceed on the assumption that it is a covered employer.

### 2. Mr. Williams' Minimum Wage Claim

There is no dispute that Secure Resources paid Mr. Williams $4.00.[3]  However, the defendant's deduction of $25.00 from the plaintiff's sole paycheck in order to pay for his license as a security guard violated the FLSA.  Under the FLSA, wages paid to an employee must meet the following standard:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the [FLSA] will not be met where the employee "kicks-back" directly or indirectly to the employer . . . for the employer's benefit the whole or part of the wage delivered to the employee.

29 C.F.R. § 531.35.  Courts have interpreted this regulation to mean that the minimum wage requirement is not met if the employee incurs pre-employment expenses, primarily for the benefit of the

---

[3] I am relying on the defendant not to press the apparent $0.40 discrepancy.

employer, which reduce the employee's wages for their first workweek below the minimum wage rate. Martinez Bautista v. D&S Produce, 447 F. Supp. 2d 954, 963 (E.D. Ark. 2006); see also, Arriaga v. Florida Pacific Farms, 305 F.3d 1228, 1237 (11th Cir. 2002).

Had Mr. Williams continued his employment with Secure Resources, he would have earned wages of $320.00 per 40 hour workweek. Secure Resources' $25.00 deduction would then have left him with $295.00 in wages during his first week, $5.00 more than the $290.00 minimum wage for a 40 hour week. Under those circumstances, the deduction would have been legal.[4] Mr. Williams, however, worked only a single four hour half-shift. The FLSA-mandated minimum wage for that time was $29.00 dollars, and pursuant to 29 C.F.R. § 531.35, any deduction primarily for the employer's benefit that reduced his wage below that number would violate the FLSA.

After deducting the cost of the security guard license from his paycheck, Secure Resources paid Mr. Williams only $4.00. Thus, unless the cost of the license was primarily for Mr. Williams' benefit rather than for Secure Resources' benefit, he was not paid

---

[4] Because of this, there is no evidence that Secure Resources acted willfully in failing to pay Mr. Williams the minimum wage. Punitive damages would therefore be inappropriate.

the statutory minimum wage.  Courts have drawn a line between costs arising from employment itself and those arising in the ordinary course of life.  Arriaga, 305 F.3d at 1242-43.  "[C]osts that 'primarily benefit the employee' are universally ordinary living expenses that one would incur in the course of life outside the workplace."  Id. (citing 29 C.F.R. § 531.32).  Professional licensing costs arise out of employment rather than the ordinary course of life.  They therefore primarily benefit the employer, not the employee, and are not deductible to the extent that they bring an employee's pay below the minimum wage.

As discussed above, Mr. Williams was paid $25.00 less than the minimum wage.  He therefore is entitled to recover $25.00 in unpaid wages plus an additional $25.00 in liquidated damages for a total of $50.00.

Conclusion

For the reasons given above, I recommend that summary judgment be granted for the plaintiff in the amount of $50.00, unless the defendant disputes the applicability of the FLSA to its enterprise. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the

chambers of the Honorable Paul A. Crotty, Room 735 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       September 5, 2012

Copies mailed this date to:

Edwin Williams
4114 Dereimer Avenue
Bronx, NY 10466

Daniel M. Tanenbaum, Esq.
Law Offices of Daniel M. Tanenbaum
111 Great Neck Road, Suite 308
Great Neck, NY 11021