USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 10, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| EDWIN WILLIAMS, | |
| Plaintiff, | 11 Civ. 03986 (PAC) (JCF) |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| SECURE RESOURCE COMMUNICATION CORP., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HONORABLE PAUL A. CROTTY, United States District Judge:

On June 13, 2011, pro se Plaintiff Edwin Williams ("Williams") sued his former employer, Defendant Secure Resources Communications Corp. ("Secure"), alleging that Secure failed to provide him with a W-2 wage statement and violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq. by failing to pay him for the four (4) hours he worked before he was terminated for sleeping on the job.

The Court referred the matter to Magistrate Judge Theodore H. Katz on June 27, 2011. (Dkt. No. 4.) Secure filed a letter motion to dismiss the Complaint on August 25, 2011. (Dkt. No. 17.) On September 26, 2011, Magistrate Judge Katz issued a Report and Recommendation ("R&R") recommending that the Court dismiss Williams's claim for non-delivery of the W-2 statement. (Dkt. No. 15.) On July 12, 2012, this Court adopted Magistrate Judge Katz's R&R and dismissed the W-2 claim. (Dkt. No. 35.) With respect to the FLSA minimum wage claim, the Court converted Defendant's motion into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and provided the parties an opportunity to supplement their materials in support of and in opposition to the motion. (Id.)[1]

---

[1] Upon US Magistrate Judge Katz's retirement, the matter was reassigned to US Magistrate Judge James C. Francis (Dkt. No. 34).

On September 5, 2012, Magistrate Judge Francis issued an R&R recommending that the Court grant Williams summary judgment and damages in the amount of $50.00. (Dkt. No. 39.) Secure did not file objections. Williams, however, who had prevailed on his wage claim, filed an objection on September 11, 2012. (Dkt. No. 40.) For the reasons that follow, the Court adopts Magistrate Judge Francis's R&R in its entirety.

## **BACKGROUND**[2]

### I.     Facts

Williams began working at Secure as a security guard on November 14, 2010, and he was fired almost immediately for falling asleep on the job after working four hours. Although the parties dispute the precise amount, they agree that Williams received approximately $4.00. Secure contends that this figure reflects four hours of pay at an hourly rate of $8.00, minus applicable taxes and a $25.00 security guard licensing fee that is routinely deducted from all new employees' first pay checks. In the Complaint, Williams states that he was never given his full pay and that he suffered from "emotional stress and aggravation and fear of violations of tax record not given" as a result of this incident. (Compl. at 5.) Accordingly, Williams asked for $24,000 for the withholding of pay and $2,000,000 dollars in punitive damages.

### II.    Magistrate Judge Francis's R&R

Magistrate Judge Francis recommended that the Court grant summary judgment sua sponte to Williams. First, the Magistrate Judge concluded that Williams was a "covered employee" who qualified for the protections of the minimum wage statute because "the plaintiff is pro se and because Secure Resources has not challenged the applicability of the FLSA." (R&R at 8.) With respect to the minimum wage claim, the Magistrate Judge determined that Secure's subtraction of $25.00 from Williams's paycheck for the security guard license violated the FLSA's

---

[2] Unless otherwise indicated, all facts herein are taken from the R&R.

prohibition on employer deductions that bring the employee's wages below the minimum wage. (Id. at 9-10.) Therefore, Magistrate Judge Francis determined that Secure was liable for the $25.00 admittedly deducted, plus another $25.00 in liquidated damages, subject to Defendant's dispute of the "applicability of the FLSA to its enterprise." (Id. at 10.) Secure has not filed any objections.

## DISCUSSION

### 1.   Standard of Review

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which "no objections have been made and which are not facially erroneous." Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quotations omitted). However, when a party does object, the objection must be "specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Similarly, when an objection is conclusory, general, or a rehash of the contentions found in the original motion papers, the Court will review the R&R for clear error. Id.

### 2.   Plaintiff's Objections

Williams largely renews objections previously raised with respect to Magistrate Judge Katz's September 26, 2011 R&R. For example, among his objections, Williams contends, once again, that Secure failed to provide adequate facilities, withheld his pay for nine months, kept pants that he paid to be tailored, and that defense counsel failed to appear for a hearing in New York City Civil Court. (Compare Dkt. No. 22 with Dkt. No. 40.) The objections must be rejected, not only because they have been previously rejected, but also because they have nothing

3

to do with Magistrate Judge Francis's recommendation that the Court grant him summary judgment on his wage claim.

Williams's remaining objections are equally meritless. While Williams objects that he was not provided a W-2 Statement, that portion of his claim has already been dismissed. (See Dkt. No. 35.) After prevailing on the wage claim, the Court sees no basis for an objection. Williams does not argue that the FLSA entitles him to the full extent of damages that he seeks—$2,024,000, nor would any such objection have merit. See 29 U.S.C. § 216(b). Since Williams's objections were not "specific and clearly aimed at particular findings in the magistrate judge's proposal," the Court will review the R&R for clear error. Finding none, the Court adopts the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Magistrate Judge Francis's September 5, 2012 R&R in full. Accordingly, summary judgment is granted to Williams in the amount of $50.00. The Clerk of Court is directed to enter judgment and terminate this case.

Dated: New York, New York
       September 10, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Edwin Williams
4114 Dereimer Avenue
Bronx, NY 10466

Daniel M. Tanenbaum, Esq.
Law Offices of Daniel M. Tanenbaum
111 Great Neck Road, Suite 308
Great Neck, NY 11021